IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
CASE NO.

LAWRENCE BOUDREAU,
WANDA BOUDREAU

    Plaintiff

vs.

CHRIS NOCCO, IN HIS OFFICIAL
CAPACITY, AS SHERIFF OF PASCO COUNTY

    Defendant

_____/

## COMPLAINT

Lawrence Boudreau ("Lawrence") and Wanda Boudreau ("Wanda") ("Plaintiffs") hereby file a Complaint against the CHRIS NOCCO, IN HIS OFFICIAL CAPACITY, AS SHERIFF OF PASCO COUNTY under Section 504 of the Rehabilitation Act and Title II of the American with Disabilities Act ("ADA").

### JURISDICTION AND VENUE

1. The Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §1331 for Plaintiffs' claims arising under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C § 701, and Title II of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12131.

2. Venue is proper in this Middle District of Florida pursuant to 28 U.S.C. § 1391(b) in that the events giving rise to this lawsuit occurred in Pasco County, Florida.

### PARTIES

3. Plaintiff Lawrence Boudreau is a citizen of Pasco County, Florida. Due to a vascular disease, Plaintiff is unable to walk more than 10 feet without taking a break. Plaintiff Lawrence Boudreau is a qualified individual with a disability within the meaning of the ADA, the

Rehabilitation Act, and all applicable regulations. Due to Plaintiff Lawrence Boudreau's disability, he relies on a golf cart for mobility.

4. Plaintiff Wanda Boudreau is citizen of Pasco County, Florida. Due to bad knees and nerve damage from shingles, Wanda Boudreau is unable to walk without extreme pain. Plaintiff Wanda is a qualified individual with a disability and an individual with a disability within the meaning of the ADA, the Rehabilitation Act, and all applicable regulations. Due to Plaintiff Wanda's disability, she also relies on a golf cart for mobility.

5. Defendant CHRIS NOCCO, IN HIS OFFICIAL CAPACITY, AS SHERIFF OF PASCO COUNTY (hereinafter "Sheriff") is a political subdivision of the State of Florida and municipality organized pursuant to the laws of the State of Florida. Defendant is a public entity pursuant to 42 U.S.C. § 12131 and is subject to the provisions of Title II of the ADA. At all material times herein, Captain Stephen Harnett was the Commander of the Sheriff's Office.[1]

6. Defendant receives federal financial assistance within the meaning of the Rehabilitation Act.

7. The Defendant Sheriff is responsible for protecting the public, investigating crimes, traffic control, and protecting an individuals' civil rights.

## FACTUAL ALLEGATIONS

8. Plaintiffs are qualified individuals with disabilities within the meaning of Title II and meet the essential eligibility requirements for the receipt of the City and County's services, programs, or activities. The ADA provides that a golf cart is considered an "other power-driven mobility device" under Federal Law.

---

[1] An official capacity suit is in all respects other than name is to be treated as a suit against the entity. *Cook et rel. Estate of Tessler v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1115 (11th Cir. 2005); *Miller v. Pasco County*, 2006 U.S. Dist. LEXIS 648 (M.D. Fla. Jan 4, 2006).

9. On March 19, 2020, Plaintiff Lawrence contacted the Sheriff advising that he had a disability that required him to use a golf cart on the public sidewalks for mobility and requested an accommodation. Specifically, Plaintiff Lawrence requested that he and his wife be permitted to use their golf cart for mobility on the public sidewalks.

10. On June 13, 2020, Plaintiff Lawrence contacted the Sheriff again asking for assurances that he and his wife will not be pulled over while driving their golf cart on the public sidewalks due to their disabilities and asked for an accommodation.

11. On or about August 19, 2020, Plaintiff Wanda was driving Plaintiffs' golf cart along a public sidewalk within Pasco County, Florida.

12. The Sheriff, Sgt. Richard Scilex stopped Plaintiffs because they were driving their golf cart on the public sidewalks. Plaintiffs explained they were disabled and required the use of a golf cart to mobilize on the public sidewalks. Despite knowing full well that Plaintiff was disabled and the ADA regulations, Sgt. Scilex issued Wanda Boudreau a warning for driving the golf cart on a sidewalk in violation of Fla. Stat. § 316.212. Sgt. Scilex took the position that the ADA does not provide Plaintiffs relief from the statute.

13. Subsequent to the warning, Plaintiff Lawrence emailed the Sheriff maintaining that he should be provided an ADA accommodation to use of a golf cart on the public sidewalks.

14. On August 27, 2020, Captain Stephen Hartnett returned Plaintiff Lawrence's email. In the email, Captain Stephen Hartnett advised Plaintiff Lawrence that Sgt. Richard Scilex's actions by issuing a warning did not violate the ADA, and that his use of a golf cart as a mobility scooter is not consistent with the ADA.

15. On or about October 13, 2020, Plaintiffs again were driving their golf cart along a U.S. 19 sidewalk within Pasco County, Florida.

16. On this occasion, Sgt. Richard Scilex, the very same officer that issued Plaintiff Wanda a warning for driving a cart on the public sidewalks, issued Plaintiff Wanda a $164 ticket for violating Florida Statute § 316.212, which forbids any non-human-powered vehicle on sidewalks, with the exception of motorized wheelchairs.

17. On February 19, 2021, Plaintiff Wanda attended a final hearing on the purported traffic violation. At trial, Plaintiff Wanda maintained that she did not violate Florida Statute § 316.212, since she was protected by the ADA. Despite demonstrating to the Court that she was disabled within the meaning of the ADA, the Sixth Judicial Circuit in and for Pasco County, Florida found Plaintiff Wanda in violation of the statute, and ordered her to pay a civil penalty in the amount of $164.00.

## COUNT I – VIOLATION OF TITLE II OF THE
## AMERICANS WITH DISABILITIES ACT

18. By this reference, Plaintiffs incorporate the above factual statements, as if fully stated herein.

19. Title II of the ADA states: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

20. The ADA defines "public entity" as including "any State or local government." 42 U.S.C. § 12115.

21. The Sheriff is a "public entity" within the meaning of Title II and is therefore covered by the ADA.

22. Further, the regulations implementing the ADA require that "a public entity shall administer services, programs and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities." 28 C.F.R. § 35.130(d).

23. Public entities "shall not impose or apply eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any service, program, or activity, unless such criteria can be shown to be necessary for the provision of the service, program, or activity being offered." 28 C.F.R. § 35.130(b)(8).

24. The Sheriff is required to operate its services, programs, or activities in such a way that "when viewed in its entirety, is readily accessible to and useable by individuals with disabilities." 28 C.F.R. § 35.150(a).

25. Public rights of way constitute an integral service, program, or activity within the meaning of Title II. 28 C.F.R. § 35.102(a).

26. The definition of facilities, as referred to in the ADA, includes public rights of way. 28 C.F.R. § 35.104.

27. Sidewalks constitute a service, program, or activity within the meaning of Title II.

28. A public entity engages in discrimination when its facilities are inaccessible or unusable because individuals with disabilities are either "excluded from participation in" or "denied the benefits of the services, programs, or activities." 28 C.F.R. § 35.149.

29. Plaintiffs were denied the benefits of services, programs, or activities for which the Sheriff is responsible, or otherwise intentionally discriminated against by the Sheriff which it is responsible, due to their disabilities. At a minimum, the Sheriff knew that Plaintiffs' harm to a federally protected right was substantially likely and failed to act on that likelihood.

30. Particularly, knowing full well that Plaintiffs have a disability that requires them to use a golf cart to mobilize, Sheriff intentionally excluded and/or showed a deliberate indifference to the Plaintiffs' rights to use their golf carts to mobilize on the public sidewalks by reason of their respective disabilities in accordance with the ADA. In fact, Plaintiff Wanda was issued a warning and subsequently a citation by the Defendant Sheriff for using the Plaintiffs' golf cart to utilize the public sidewalks.

31. Sheriff Chris Nocco and/or Captain Stephen Hartnett of the Sheriff's Office had the authority to address the alleged discrimination, and to institute corrective measures on behalf of the Sheriff but failed to do so.

32. The Sheriff's act(s) constitute intentional discrimination and/or a deliberate indifference against Plaintiffs in violation of Title II of the ADA. Indeed, Sgt. Richard Scilex stated to Plaintiffs that the state traffic laws take precedence over the ADA.

33. By issuing Plaintiff Wanda a warning and citation, and finding her in violation Florida Statute § 316.212, Sheriff also failed to make a reasonable accommodation for the Plaintiffs to use their mobility driven device on the public sidewalks in order to mobilize.

34. Unless injunctive relief is granted, Plaintiffs will suffer future discrimination by the Sheriff in that the Sheriff will continue to issue Plaintiffs a citation for using their golf cart on the public sidewalks to mobilize and/or Plaintiffs will be unable to utilize the public sidewalks to travel throughout Pasco County.

## COUNT II - SECTION 504 OF THE REHABILITATION ACT

35. By this reference, Plaintiffs incorporate the above factual statements, as if fully stated herein.

36. The Rehabilitation Act provides that no entity receiving federal funds shall discriminate against an individual based on that individual's disability.

37. Upon information and belief, the Pasco County Sheriff's is an agency that receives federal funds.

38. "Discrimination" in this context includes providing a public service that is not reasonably accessible to a person with a disability.

39. "Discrimination" in this context includes the provision of public rights of way for pedestrians as a whole, yet not making reasonable modifications to those areas for people who rely on mobility devices.

40. Plaintiffs are entitled to relief under the Rehabilitation Act, including an order that the Pasco County Sheriff's violated the Rehabilitation Act by issuing a warning and citation for using a golf cart for mobility on the public sidewalks.

41. Plaintiffs are entitled to recover compensatory damages for the harm they have experienced, including fear, humiliation, anger, and other forms of emotional distress, as a result of the violations of the Rehabilitation Act described herein, due to the Sheriff's deliberate indifference to the rights of people with disabilities.

WHEREFORE, Plaintiffs, Lawrence Boudreau and Wanda Boudreau pray that this Honorable Court enter a judgment in favor of them against PASCO COUNTY SHERIFF'S OFFICE and PASCO COUNTY for:

A. All recoverable compensatory damages, attorneys' fees and costs, and all such other lawful damages and relief as the Court may deem appropriate and proper.

B. A declaration the Pasco County Sheriff's Office violated the ADA and Rehabilitation Act by prohibiting Plaintiffs from using their golf cart to mobilize on public

sidewalks and that they did not violate any City, County, or State traffic law(s), and by failing to provide Plaintiffs a reasonable accommodation under the law.

      C.     A permanent injunction against the Pasco County Sheriff's Office from issuing Plaintiffs any additional violations for using their golf carts to mobilize on public sidewalks.

      D.     Any and all additional legal and equitable relief as the court finds appropriate.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

Respectfully submitted,

**SOLNICK LAW P.A.**
Attorney for Plaintiff
17501 Biscayne Boulevard, Suite 805
North Miami Beach, Florida 33160
Tel: 786-629-6530
Email: pete@solnicklaw.com

/s/ *Peter J. Solnick, Esq.*
By: _____
Peter J. Solnick, Esq.
Fla. Bar. 670006