UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAWRENCE BOUDREAU and
WANDA BOUDREAU,

    Plaintiffs,
v.                              Case No. 8:21-cv-1158-VMC-AEP

SHERIFF CHRIS NOCCO,
in his official capacity as
Sheriff of Pasco County,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of Plaintiffs Lawrence Boudreau and Wanda Boudreau's Motion to Strike Defendant's Affirmative Defenses and/or to Treat Them as Denials (Doc. # 28), filed on August 13, 2021. Defendant Sheriff Chris Nocco responded on August 24, 2021. (Doc. # 29). For the reasons that follow, the Motion is granted in part and denied in part.

**I.  Background**

The Boudreaus initiated this action against Nocco, in his official capacity as Sheriff of Pasco County, on May 13, 2021. (Doc. # 1). The complaint asserts two counts: for violation of Title II of the Americans with Disabilities Act

1

(ADA) (Count I) and violation of Section 504 of the Rehabilitation Act (Count II). (Id.).

After his motion to dismiss was granted in part and denied in part, Nocco filed his answer and affirmative defenses on July 30, 2021. (Doc. # 23). Therein, Nocco asserts eight affirmative defenses. (Id. at 5-7).

Now, the Boudreaus seeks to strike or, alternatively, treat the first seven affirmative defenses as specific denials. (Doc. # 28). Nocco has responded (Doc. # 29), and the Motion is ripe for review.

## II. Legal Standard

"Affirmative defenses are subject to the general pleading requirements of Federal Rule of Civil Procedure 8." Carrero v. Citimortgage, Inc., No. 8:15-cv-2915-VMC-AAS, 2016 WL 1464108, at *2 (M.D. Fla. Apr. 14, 2016). Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). "[T]his Court finds persuasive the logic of those district courts in the Eleventh Circuit that have found that affirmative defenses should not be held to the Twombly pleading standard." Nobles v. Convergent Healthcare Recoveries, Inc., No. 8:15-cv-1745-JSM-MAP, 2015 WL 5098877, at *2 (M.D. Fla. Aug. 31, 2015).

2

Affirmative defenses challenged by a motion to strike are also evaluated under Rule 12(f), which provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although the Court has broad discretion in ruling on a motion to strike, such motions are disfavored due to their "drastic nature" and are often considered "time wasters." Royal Ins. Co. of Am. v. M/Y Anastasia, No. 95-cv-30498, 1997 WL 608722, at *3 (N.D. Fla. Jan. 30, 1997); Molina v. SMI Sec. Mgmt., Inc., No. 11-24245-CIV, 2013 WL 12092070, at *4 (S.D. Fla. Mar. 22, 2013)("Motions to strike . . . are disfavored by courts.").

Thus, "[a]n affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" Microsoft Corp. v. Jesse's Computs. & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002)(citation omitted). An affirmative "defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Id. "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." Reyher v. Trans World Airlines,

Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995)(citation omitted).

### III. Analysis

The Boudreaus seek to strike Nocco's affirmative defenses 1-7 or, alternatively, to treat them as specific denials. (Doc. # 28 at 3). Nocco has withdrawn affirmative defenses 4 and 5 (Id. at 4), so the Court grants the Motion as to these defenses and strikes them. As to the other affirmative defenses, the Boudreaus argue that they are subject to being stricken or being treated as specific denials because they are not true affirmative defenses. (Id. at 3).

In affirmative defense 1, Nocco asserts that "Florida law prohibits the use of golf carts on public sidewalks and Sheriff Nocco did not deny [the Boudreaus] of the benefit of services, programs or activities of his office, nor did he otherwise discriminate against [them] . . . ." (Doc. # 23 at 5). Affirmative defense 2 provides that the Boudreaus "are not entitled to compensatory damages where there are no facts which support an allegation that Sheriff Nocco acted with discriminatory intent." (Id. at 6). Affirmative defense 3 states that the Boudreaus "are not entitled to a permanent injunction prohibiting Sheriff Nocco from enforcing Florida law and/or County ordinances because they have not suffered

4

irreparable injury." (Id.). In affirmative defenses 6 and 7, Nocco asserts that the Boudreaus did not request an accommodation as defined by the ADA or Rehabilitation Act. (Id. at 6-7).

The Boudreaus are correct that affirmative defenses 1-3 and 6-7 deny the merits of their claims, rather than asserting true affirmative defenses to such claims. See Adams v. Jumpstart Wireless Corp., 294 F.R.D. 668, 671 (S.D. Fla. 2013)("An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters. A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense." (citations omitted)).

Nevertheless, the Court will not strike them. "[W]hen a party incorrectly labels a negative averment as an affirmative defense rather than as a specific denial, the proper remedy is not [to] strike the claim, but rather to treat [it] as a specific denial." Lugo v. Cocozella, LLC, No. 12-80825-CIV, 2012 WL 5986775, at *1 (S.D. Fla. Nov. 29, 2012); see also Premium Leisure, LLC v. Gulf Coast Spa Mfrs., Inc., No. 8:08-cv-1048-SCB-EAJ, 2008 WL 3927265, at *3 (M.D. Fla. Aug. 21, 2008)("The first affirmative defense at issue

5

states that Premium Leisure has failed to state a claim. This is a denial of Premium Leisure's claim, rather than an affirmative defense. As such, the Court will treat it as a denial and not strike it."). Furthermore, these defenses serve the laudable purpose of letting the Boudreaus know Nocco's position in this case. See Muschong v. Millennium Physician Grp., LLC, No. 2:13-cv-705-SPC-CM, 2014 WL 3341142, at *3 (M.D. Fla. July 8, 2014)("Whether regarded as a specific denial or an affirmative defense, Defendants' invocation of standing still 'serve[s] the laudable purpose of placing Plaintiff and the Court on notice of certain issues Defendant intends to assert against Plaintiff's claims.'" (citation omitted)). Thus, the Court deems affirmative defenses 1-3 and 6-7 as specific denials but will not strike them.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs Lawrence Boudreau and Wanda Boudreau's Motion to Strike Defendant's Affirmative Defenses and/or to Treat Them as Denials (Doc. # 28) is **GRANTED** in part and **DENIED** in part. As they have been withdrawn, affirmative defenses 4 and 5 are stricken. Affirmative defenses 1-3 and 6-7 are treated as specific denials and will not be stricken.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 25th day of August, 2021.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE