```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

LAWRENCE BOUDREAU and
WANDA BOUDREAU,

    Plaintiffs,
v.                                    Case No. 8:21-cv-1158-VMC-AEP

SHERIFF CHRIS NOCCO,
in his official capacity as
Sheriff of Pasco County,

    Defendant.
_____/

## ORDER

This matter is before the Court on consideration of Plaintiffs Lawrence Boudreau and Wanda Boudreau's Motion in Limine to Exclude Improper Expert Testimony (Doc. # 34), filed on March 23, 2022. Defendant Sheriff Chris Nocco responded on April 6, 2022. (Doc. # 49). For the reasons that follow, the Motion is denied.

### I.  Background

Lawrence and Wanda Boudreau are a married couple living in Pasco County, Florida.[1] The Boudreaus are both disabled and wish to use a golf cart as their mobility device on Pasco County sidewalks. But, in 2020, Wanda was cited by a Pasco

---

[1] Because Plaintiffs share the same last name, the Court will use their first names when necessary for the sake of clarity.

1

County Deputy Sheriff for violating Florida Statute § 316.212, which forbids any non-human-powered vehicle on sidewalks, except for motorized wheelchairs.

The Boudreaus sued Nocco, in his official capacity as Sheriff of Pasco County, on May 13, 2021. (Doc. # 1). The complaint asserts two counts: for violation of Title II of the ADA (Count I) and violation of Section 504 of the Rehabilitation Act (Count II). (Id.). The Boudreaus maintain that Nocco violated the ADA and Rehabilitation Act (1) by prohibiting them from using their golf cart to mobilize on public sidewalks and (2) by failing to provide them a reasonable accommodation under the law. (Id.).

The parties undertook discovery and Nocco retained Marc Dubin as an expert in ADA and Rehabilitation Act compliance. (Doc. # 34-2). Dubin is a former "Senior Trial Attorney at the Justice Department, in the Disability Rights Section of the Civil Rights Division." (Id. at 3). "In that capacity, [Dubin] was responsible for nationwide enforcement of the ADA and Section 504 of the Rehabilitation Act of 1973 on behalf of the United States." (Id.). He "was responsible for many of the Justice Department's ADA cases of first impression, assisted with development of technical assistance materials, and provided ADA trainings to businesses and state and local

2

governments nationwide." (Id.). "Since 2015, [Dubin has] served as CEO of a nationwide ADA Consulting firm – ADA Expertise Consulting, LLC," which provides guidance about the ADA, the Rehabilitation Act, and the Fair Housing Act "to businesses, law firms, and to state and local governments, nationwide." (Id.). He also testifies "as an expert in the ADA and Section 504 in federal court nationwide." (Id. at 4).

Based on his review of the record evidence, applicable law, and Department of Justice guidance, Dubin provides the following opinion:

> In my opinion, the Sheriff's office properly enforced state law and was not required by the [ADA] or Section 504 to allow plaintiffs to use their golf cart on the sidewalks, as doing so would constitute a substantial risk of serious harm to pedestrians on the sidewalk. The modification sought here by plaintiffs was not reasonable, and would endanger pedestrians using the sidewalk and crosswalks, as well as themselves, and consequently, the Sheriff's Office was not required by title II of the ADA or by Section 504 of the Rehabilitation Act to allow them to operate their golf cart on the sidewalks of Pasco County. Enforcement of F.S. 316.212, under the circumstances, was proper, and did not violate federal law.

(Id. at 3). In his report, he highlights the evidence that the Boudreaus' golf cart was four feet wide and capable of driving at fifteen miles per hour, while the sidewalks are only five feet wide. (Id. at 7-8).

3

Now, the Boudreaus move to exclude the testimony of Dubin. (Doc. # 34). Nocco has responded (Doc. # 49), and the Motion is ripe for review.

## II. Discussion

Federal Rule of Evidence 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Implementing Rule 702, Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993), requires district courts to ensure that any scientific testimony or evidence admitted is both relevant and reliable. See Id. at 589-90. The Daubert analysis also applies to non-scientific expert testimony. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999). District courts must conduct this gatekeeping function "to ensure that speculative, unreliable expert testimony does not reach the jury under the mantle of reliability that accompanies the appellation 'expert testimony.'" Rink v. Cheminova, Inc., 400 F.3d 1286, 1291 (11th Cir. 2005).

The Eleventh Circuit "requires trial courts acting as gatekeepers to engage in a 'rigorous three-part inquiry.'" Hendrix v. Evenflo Co., 609 F.3d 1183, 1194 (11th Cir. 2010). The district court must assess whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

Id. The proponent of the expert testimony must show, by a preponderance of the evidence, that the testimony satisfies each requirement. Id.

### 1. Qualifications

The first question under Daubert is whether Dubin is qualified to testify competently regarding the matters he intends to address. City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 563 (11th Cir. 1998). An expert may be qualified "by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. "Determining whether a witness is qualified to testify as an expert 'requires the trial court to examine the credentials of the proposed expert in light of the subject matter of the proposed testimony.'" Clena Invs., Inc. v. XL Specialty Ins. Co., 280 F.R.D. 653, 661 (S.D. Fla.

2012) (quoting Jack v. Glaxo Wellcome, Inc., 239 F. Supp. 2d 1308, 1314-16 (N.D. Ga. 2002)).

"This inquiry is not stringent, and so long as the expert is minimally qualified, objections to the level of the expert's expertise [go] to credibility and weight, not admissibility." Id. (citations and internal quotation marks omitted). The Court is mindful that its "gatekeeper role under Daubert 'is not intended to supplant the adversary system or the role of the jury.'" Maiz v. Virani, 253 F.3d 641, 666 (11th Cir. 2001) (quoting Allison v. McGhan, 184 F.3d 1300, 1311 (11th Cir. 1999)).

The Boudreaus argue "Dubin is unqualified to opine about the safety of the use of golf carts on the public sidewalks located in Pasco County, Florida or traffic engineering issues." (Doc. # 34 at 7). They highlight that Dubin "lacks any experience in traffic engineering and safety issues involving transportation." (Id. at 8). Thus, the Boudreaus take issue only with the part of Dubin's report opining that it is unsafe to use golf carts on public sidewalks.

The Court disagrees with the Boudreaus. While Dubin is not a traffic engineer or safety expert, he has sufficient qualifications to provide the opinions in his report. Again, he is an attorney who specializes in ADA and Rehabilitation

6

Act compliance. In his report, Dubin explains that whether the Boudreaus' requested accommodation — to use their golf cart on all Pasco County sidewalks — was reasonable depends on whether there were legitimate safety concerns about the golf cart's use. (Doc. # 34-2 at 6). He also outlines the Department of Justice's factors for determining whether a requested accommodation regarding a mobility device is safe. Based on his consideration of these factors and review of the Boudreaus' expert's report on traffic safety, Dubin concludes that use of the golf cart on most sidewalks is unsafe. (Id. at 4-7).

Dubin is at least minimally qualified to opine about the safety of the Boudreaus' use of a golf cart as addressed through the lens of the ADA. The Motion is denied as to qualifications, but the Boudreaus may raise Dubin's lack of training in traffic engineering at trial.

### 2. Reliability

The next question is whether Dubin's methodology is reliable. "Exactly *how* reliability is evaluated may vary from case to case, but what remains constant is the requirement that the trial judge evaluate the reliability of the testimony before allowing its admission at trial." United States v. Frazier, 387 F.3d 1244, 1262 (11th Cir. 2004) (citing Fed. R.

Evid. 702, Advisory Committee Notes (2000)). There are four recognized, yet non-exhaustive, factors a district court may consider in evaluating reliability:

> (1) whether the expert's methodology has been tested or is capable of being tested; (2) whether the technique has been subjected to peer review and publication; (3) the known and potential error rate of the methodology; and (4) whether the technique has been generally accepted in the proper scientific community.

Seamon v. Remington Arms Co., 813 F.3d 983, 988 (11th Cir. 2016) (citations omitted). A district court can take other relevant factors into account as well. Id. (citations omitted).

"If the [expert] witness is relying solely or primarily on experience, then," in establishing reliability, "the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Frazier, 387 F.3d at 1261 (citation and internal quotation marks omitted). The Court's analysis as to reliability "focus[es] 'solely on principles and methodology, not on the conclusions that they generate.'" Seamon, 813 F.3d at 988 (citation omitted).

The Boudreaus assert that "Dubin's expert report relies on no discernible methodology or theory at all." (Doc. # 34

8

at 9). They content that Dubin "fails to offer any objective reliable principles or methods to support the basis for his opinion and conclusion" that it is unsafe for the Boudreaus to use a golf cart on sidewalks. (Id.).

The Court again disagrees. Here, Dubin reviewed the record evidence, including the state law regarding golf carts, the ADA regulations and guidance, and the Boudreaus' safety expert's report, in reaching his opinion. Given Dubin's years of experience in analyzing accommodations under the ADA, Dubin's review of the record and applicable law and regulations is a reliable methodology to opine that the Boudreaus' requested accommodation was unsafe. See Dudash v. S.-Owners Ins. Co., No. 8:16-cv-290-JDM-AEP, 2017 WL 1969671, at *3 (M.D. Fla. May 12, 2017) (denying a Daubert motion to exclude an insurance expert and stating that, as "[h]er opinions were formulated based on her review of the record," the "argument that her review is unreliable is unpersuasive").

Any alleged flaws in Dubin's methodology should be addressed during cross-examination. See Maiz, 253 F.3d at 666 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking

[debatable] but admissible evidence." (citations and internal quotation marks omitted)). Thus, the Motion is denied as to reliability.

### 3. Assistance to Trier of Fact

Expert testimony must also assist the trier of fact. Fed. R. Evid. 702. "By this requirement, expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person." Frazier, 387 F.3d at 1262 (citation omitted). "[T]he court must 'ensure that the proposed expert testimony is "relevant to the task at hand," . . . i.e., that it logically advances a material aspect of the proposing party's case.'" Allison, 184 F.3d at 1312 (citation omitted).

So, while "[t]he 'basic standard of relevance . . . is a liberal one,' Daubert, 509 U.S. at 587, . . .[,] if an expert opinion does not have a 'valid scientific connection to the pertinent inquiry[,]' it should be excluded because there is no 'fit.'" Boca Raton Cmty. Hosp., Inc. v. Tenet Health Care Corp., 582 F.3d 1227, 1232 (11th Cir. 2009) (citations omitted). "Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Frazier, 387 F.3d at 1262-63 (citation omitted).

The Boudreaus argue that Dubin's testimony about the golf cart's safety on sidewalks will not be helpful to the fact finder. (Doc. # 34 at 9-10). This is unpersuasive. Even if understanding the safety of golf carts on sidewalks is within the ability of the average layperson, knowledge of ADA regulations and application of the factors used to determine whether an accommodation is safe are not. Thus, Dubin's testimony will help the fact finder in determining whether the Boudreaus' requested accommodation was reasonable. See Hoewischer v. Sailormen, Inc., No. 3:10-cv-752-RBD-MCR, 2012 WL 2865788, at *3 (M.D. Fla. July 11, 2012) ("Even if measuring the restaurant requires no more than the ability to use a tape measure, familiarity with the construction industry and the costs of various projects is not within the common understanding of laypeople. As such, [the contractor and ADA expert] Ricci's knowledge in this area can be helpful to the fact finder in assessing whether removal of a barrier is readily achievable.").

The deposition testimony of Sergeant Richard Scilex, regarding whether his writing Wanda a citation was motivated by a safety concern, does not alter this conclusion. (Doc. # 34 at 10). The central question in this case remains whether using a golf cart on sidewalks is a reasonable accommodation,

which depends on whether the accommodation is safe. Dubin's testimony relates to this question and, thus, is helpful.[2]

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs Lawrence Boudreau and Wanda Boudreau's Motion in Limine to Exclude Improper Expert Testimony (Doc. # 34) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 21st day of April, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

---

[2] Because the Motion only challenges Dubin's opinion that it is unsafe to use golf carts on sidewalks, the Court has limited its analysis to that opinion. If there are additional objections to Dubin's other opinions, such as whether some of his opinions constitute impermissible legal conclusions, the Boudreaus may raise those objections to Dubin's testimony at trial. See Mannick v. Kaiser Found. Health Plan, Inc., No. C 03-5905 PJH, 2006 WL 1626909, at *17 (N.D. Cal. June 9, 2006) ("Testimony as to ultimate issues is not permitted when it consists of legal conclusions or opinions."); Dudash v. S.-Owners Ins. Co., No. 8:16-cv-290-JDM-AEP, 2017 WL 1969671, at *2 (M.D. Fla. May 12, 2017) ("No witness may offer legal conclusions or testify to the legal implications of conduct.").