UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAWRENCE BOUDREAU and
WANDA BOUDREAU,

    Plaintiffs,
v.                                    Case No. 8:21-cv-1158-VMC-AEP

SHERIFF CHRIS NOCCO,
in his official capacity as
Sheriff of Pasco County,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of United States Magistrate Judge Anthony E. Porcelli's Report and Recommendation (Doc. # 72), filed on November 2, 2022, recommending that Plaintiffs' Motion for Partial Summary Judgment (Doc. # 37) be denied, Defendant's Motion for Final Summary Judgment (Doc. # 39) be granted, judgment be entered in Defendant's favor, and the case be closed.

Plaintiffs filed an objection, arguing that the Report and Recommendation erred insofar as it found "the requested modification unnecessary, not reasonable, and not entitled to injunctive relief." (Doc. # 73 at 3). Defendant did not respond to the objection. Upon review, the Court adopts the

1

Report and Recommendation in full and overrules the objection.

**Discussion**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732 (11th Cir. 1982). If a party files a timely and specific objection to a finding of fact by the magistrate judge, the district court must conduct a *de novo* review with respect to that factual issue. <u>Stokes v. Singletary</u>, 952 F.2d 1567, 1576 (11th Cir. 1992). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. <u>See</u> <u>Cooper-Houston v. S. Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994); <u>Castro Bobadilla v. Reno</u>, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), <u>aff'd</u>, 28 F.3d 116 (11th Cir. 1994).

After conducting a careful and complete review of the findings, conclusions, and recommendations, and giving *de novo* review to matters of law and fact, the Court accepts the factual findings and legal conclusion of Judge Porcelli and overrules Plaintiffs' objection. The Report and Recommendation is correct that there is no genuine dispute of

material fact as to whether Plaintiffs were "excluded from" or "denied the benefits of the services, programs, or activities of a public entity" or were otherwise discriminated against on the basis of disability. Shotz v. Cates, 256 F.3d 1077, 1079 (11th Cir. 2001) (quoting 42 U.S.C. § 12132).

The Court agrees with Judge Porcelli that the desired accommodation allowing Plaintiffs to use a golf cart on sidewalks despite state law is not necessary for Plaintiffs to have meaningful access to the sidewalks and to avoid discrimination based on disability. (Doc. # 72 at 11); see 28 C.F.R. § 35.130(b)(7) ("A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are **necessary** to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." (emphasis added)). While this is a fact-specific inquiry, there is no genuine dispute here. In so holding, the Court is mindful that "the ADA entitles disabled persons to 'reasonable accommodations, not to optimal ones finely tuned to [their] preferences.'" Medina v. City of Cape Coral, 72 F. Supp. 3d 1274, 1279 (M.D. Fla. 2014) (quoting Nunes v. Mass. Dep't of

Corr., 766 F.3d 136, 146 (1st Cir. 2014)). "In other words, meaningful access . . . does not mean equal access or preferential treatment." Id. (citation and internal quotation marks omitted)).

As Judge Porcelli noted, Plaintiffs already own one motorized scooter that they may lawfully use — and Mrs. Boudreau does use — on the sidewalks.[1] There are also many other modes of public transportation available to them to travel through Pasco County, including the bus and the County's para-transit system. See A.M. ex rel. J.M. v. NYC Dep't of Educ., 840 F. Supp. 2d 660, 680 (E.D.N.Y. 2012) ("[W]here alternative reasonable accommodations to allow for 'meaningful access' are offered or already in place, a [] reasonable accommodations claim must fail."), aff'd sub

---

[1] Notably, Plaintiffs' disabilities also do not prevent them from walking on the sidewalks. Rather, their disabilities merely necessitate the use of a walker if Mr. Boudreau walks further than ten feet and Mrs. Boudreau walks further than fifty feet. (Doc. # 37-1 at 2; Doc. # 37-2 at 2). There is no evidence that Plaintiffs have not been permitted to walk on Pasco County sidewalks with their walkers. And, while traveling long distances might require use of a motorized device, Plaintiffs merely argue that a legal "high-powered wheelchair" is "insufficient" because it "is unable to carry Plaintiffs simultaneously and the travel time to the grocery store and appointments would be substantial." (Doc. # 37 at 17). Again, the fact that riding a high-powered wheelchair or motorized scooter is less optimal in Plaintiffs' eyes does not mean that Defendant has deprived Plaintiffs of meaningful access to the sidewalks.

nom. Moody ex rel. J.M. v. NYC Dep't of Educ., 513 F. App'x 95 (2d Cir. 2013). Furthermore, nothing about Plaintiffs' respective disabilities requires them to travel together in one golf cart rather than in separate motorized scooters or wheelchairs. To the contrary, both times Mrs. Boudreau was pulled over in the golf cart, she was traveling alone. She also currently travels alone in her motorized scooter. In short, other reasonable accommodations already exist that enable Plaintiffs to meaningfully access the public benefit, regardless of whether one defines the public benefit as use of the sidewalks or as ability to travel throughout Pasco County.

Thus, while Plaintiffs may argue otherwise (Doc. # 73 at 5-7), it is not necessary for Plaintiffs to use a golf cart to utilize the sidewalks or to otherwise travel where they need to go, even if they consider the golf cart the most convenient or desirable means of transportation. See Medina, 72 F. Supp. 3d at 1279 ("[T]he ADA entitles disabled persons to reasonable accommodations, not to optimal ones finely tuned to [their] preferences." (citation and internal quotation marks omitted)). While Plaintiffs' current motorized scooter is used by Mrs. Boudreau rather than Mr. Boudreau, there is no evidence to suggest that Mr. Boudreau

could not use a motorized scooter on the sidewalks if he obtained one or used Mrs. Boudreau's scooter.

Summary judgment in favor of Defendant is appropriate because the requested modification was unnecessary to avoid discrimination as reasonable accommodations already existed, including the use of motorized scooters on sidewalks or public transportation for travel. This issue alone resolves the case. Furthermore, the Court also agrees with the Report and Recommendation that the requested modification — an accommodation allowing use of a golf cart on all Pasco County sidewalks — was not reasonable. Such a request is unreasonable because "to allow such an exception to Florida Statutes Section 316.212 for Plaintiffs to utilize their golf cart on public sidewalks would pose a greater safety risk to the public." (Doc. # 72 at 13).

Because the requested accommodation was not necessary or reasonable, Plaintiffs are not entitled to injunctive relief under either the ADA or the Rehabilitation Act. The Report and Recommendation is correct that Defendant is entitled to summary judgment on both counts of the complaint.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Report and Recommendation (Doc. # 72) is **ADOPTED.**

(2) Plaintiffs Lawrence Boudreau and Wanda Boudreau's Motion for Partial Summary Judgment (Doc. # 37) is **DENIED**.

(3) Defendant Chris Nocco's Motion for Final Summary Judgment (Doc. # 39) is **GRANTED**.

(4) The Clerk is directed to enter judgment in Defendant Chris Nocco's favor and, thereafter, to close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of December, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE